UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER A. HENRY,

                Petitioner,

    -against-                                    **MEMORANDUM AND ORDER**
                                                                       10-CV-5172 (KAM)

LARRY DAVIS,

                Respondent.
------------------------------------------------------------x
MATSUMOTO, United States District Judge:

        On November 5, 2010, *pro se* petitioner Christopher A. Henry (the "petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his ongoing criminal action in Kings County, for which he has neither been convicted nor sentenced. (*See generally* ECF No. 1, Pet.) For the reasons set forth below, the court dismisses the petition without prejudice as premature.

## BACKGROUND

        The court takes judicial notice that petitioner, identified by his name and book and case number 8951000633, was arrested on May 24, 2010 and faces charges pursuant to New York Penal Law § 130.50 (Sodomy in the First Degree). (*See* http://a072-web.nyc.gov/ inmatelookup/inmateDetailAction.do?bookcasenumber=8951000633 (last visited Jan 26, 2011).) Petitioner is currently being held at the Bellevue Hospital Prison Ward in New York, New York. (*Id.*) Petitioner states in his petition that he has not been "convicted or sentenced" on the pending charges. (Pet. ¶ 5.)

## DISCUSSION

A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (providing that the court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Moreover, the court shall not grant the writ unless the petitioner has first exhausted the remedies available in the state court or shows that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(A), 2254 (b)(1)(B)(i)-(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982).

Here, petitioner acknowledges that he is not in custody pursuant to a state court judgment. In fact, his criminal case is ongoing, and he has neither been convicted nor sentenced. (Pet. ¶5 (acknowledging that he has not been "convicted or sentenced" for the pending offense). Furthermore, petitioner acknowledges that he has not exhausted his available state court remedies for the claims asserted in his petition. (Pet. ¶¶ 9-11 (acknowledging that that he has not exhausted his state court remedies "because he [has not] reached that stage," "this is not the time," and "because he was never given the opportunity"). Finally, petitioner does not allege an absence of an available state corrective process or that circumstances exist that render such process ineffective to protect his rights.

2

Accordingly, because there is no indication the petitioner has been convicted of the offense with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under § 2254, the instant petition is premature and is dismissed without prejudice.[1] *See* 28 U.S.C. § 2254; *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies); *Williams v. Horn*, No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature."); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of

---

[1] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review, which runs from the date a conviction is made final as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal).[2]

## CONCLUSION

The petition for a writ of habeas corpus is dismissed without prejudice as premature. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: January 26, 2011
      Brooklyn, New York

/Signed by Judge Matsumoto/
_____
KIYO A. MATSUMOTO
United States District Judge

---

[2] Petitioner is further advised that, when a state petitioner whose first petition was dismissed without prejudice for failure to exhaust state remedies brings a new petition based on the exhausted claim, that future petition would not be considered "second or successive." *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (*per curiam*) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition . . . would conflict with the doctrine of writ abuse . . ..").